IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER BANKS, et al.,
    Plaintiffs,

vs.                                  Case No.: 3:08cv272/MCR/EMT

RON McNESBY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon referral from the clerk.  Plaintiff SIDNEY MARTS commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  Plaintiff **JIMMY J. JOSEPH** joined this cause of action on August 19, 2008, and was given thirty (30) days in which to pay the filing fee or submit a separate motion to proceed in forma pauperis (Doc. 20).  Plaintiff failed to respond to the order; therefore, on October 22, 2008, the court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 47).  The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

    Accordingly, it is respectfully **RECOMMENDED**:

    1.    That Plaintiff Jimmy J. Joseph be terminated as a Plaintiff in this cause of action, and further, that Plaintiff Jimmy J. Joseph's case be **DISMISSED without prejudice** for failure to comply with an order of the court.

    2.    That the clerk be directed to change the docket to reflect that Plaintiff Jimmy J. Joseph is terminated as a Plaintiff in this cause of action.

At Pensacola, Florida, this 2nd day of December 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**