IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER BANKS, et al.,
    Plaintiffs,

vs.                                        Case No.: 3:08cv272/MCR/EMT

RON McNESBY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon referral from the clerk. Plaintiff SIDNEY MARTS commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff **RICHARD LINDSAY** joined this cause of action on August 19, 2008, and was given thirty (30) days in which to pay the filing fee or submit a separate motion to proceed in forma pauperis (*see* Doc. 20). Plaintiff subsequently filed a motion to proceed in forma pauperis, which was denied (*see* Docs. 32, 108). Thus, in an order dated December 17, 2008, Plaintiff Lindsay was given thirty (30) days in which to pay the filing fee. Plaintiff failed to respond to the order; therefore, on January 29, 2009, the court issued an order requiring Plaintiff Lindsay to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 160). The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

    Accordingly, it is respectfully **RECOMMENDED**:

    1. That Plaintiff Richard Lindsay be terminated as a Plaintiff in this cause of action, and further, that Plaintiff Richard Lindsay's case be **DISMISSED without prejudice** for failure to comply with an order of the court.

    2. That the clerk be directed to change the docket to reflect that Plaintiff Richard Lindsay is terminated as a Plaintiff in this cause of action.

At Pensacola, Florida, this 17<u>th</u> day of March 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**